UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER N. SOFARELLI, on his own
behalf and on behalf of those similarly situated,

       Plaintiffs,

v.                                                Case No.  8:08-cv-387-T-24 EAJ

G.L.E. ASSOCIATES, INC.,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss and/or, in the Alternative, for Summary Judgment.  (Doc. No. 7.)  Plaintiff Peter Sofarelli ("Plaintiff") and all others similarly situated (collectively "Plaintiffs") oppose this motion. (Doc. No. 10.)  Plaintiffs brought this action against Defendant G.L.E. Associates, Inc. ("Defendant"), seeking recovery of overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 216(b).  Defendant has moved to dismiss Plaintiffs' Complaint and/or, in the alternative, for summary judgment.

**I.**      **Facts and Procedural History**

In his complaint, Plaintiff alleges that he was an employee of Defendant, G.L.E. Associates, Inc., a Florida corporation that operates and conducts business in, among others, Hillsborough County, Florida. (Doc. No. 1.)  During his period of employment with Defendant, Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.  (*Id*. at 2)  Plaintiff alleges that he, and those similarly situated to him, regularly worked overtime hours but were not paid time and one-half compensation by the Defendant. (*Id.* at 2.)

In its motion, Defendant disputes that Plaintiff was an employee of G.L.E. Associates, Inc., asserting that Plaintiff was instead an employee of G.L.E. Construction Services, Inc. (Doc. No. 7-2 at 1.) In a declaration in support of the instant motion, Robert B. Greene, former President of G.L.E. Construction Services, Inc., states that Plaintiff was hired by and was an employee of G.L.E. Construction Services, Inc.[1] Mr.Greene further avers that Plaintiff's wages were paid by G.L.E. Construction Services, Inc., out of the G.L.E. Construction Services, Inc. account with its payroll services provider. (*Id.* at 1.) Mr. Greene also states that Plaintiff performed no services for Defendant G.L.E. Associates, Inc., as he was employed only by G.L.E. Construction Services, Inc. to oversee construction projects. (*Id.* at 2.) G.L.E. Associates, Inc., is an architecture and engineering design and facilities management and environmental services consulting firm. (*Id.* at 2.) Plaintiff maintains that although he was hired by G.L.E. Construction Services, Inc., both companies were basically one in the same, and Defendant was Plaintiff's joint employer for purposes of his overtime claim. (Doc. No. 10. At 2.)

Plaintiff filed his initial complaint on February 26, 2008. (Doc. No. 1.) On March 26, 2008, Defendant filed the instant motion, (Doc. No. 7.), and on April 22, 2008, Plaintiff filed a response in opposition. (Doc. No. 10.)

**II.   Standard of Review for a Motion to Dismiss**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his

---

[1] The Court does not consider Robert B. Greene's statement in deciding the motion to dismiss, as the Court can only examine the four corners of the complaint at the motion to dismiss stage. Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006).

claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**III.    Analysis of Motion to Dismiss**

Defendant argues that Plaintiff was not an employee of G.L.E. Associates, Inc., and therefore, Plaintiff's claim under the FLSA should be dismissed. Plaintiff responds that his complaint clearly states a claim under the FLSA, and so Defendant's Motion must be denied as a matter of law.

A claim may be dismissed under rule 12(b)(6) of the Federal Rules of Civil Procedure if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." See Bell Atlantic Corp. 127 S. Ct. at 1964. Additionally, the Plaintiff must provide more than "a formulaic recitation of the elements of a cause of action . . .." Id. at 1965 (citation omitted). The Court finds that Plaintiff's complaint provides a set of facts under which a relief could be granted that rises above the speculative level. Defendant's motion seems to imply that because Defendant disputes the facts alleged in Plaintiff's complaint, Plaintiff's allegations are considered speculative. The

Court disagrees. That the Defendant disputes Plaintiff's version of the facts does not make those facts speculative, as the Court is required to assume that all of the allegations in Plaintiff's complaint are true, and at the motion to dismiss stage the Court must only inquire as to whether Plaintiff's allegations are sufficient to allow him to conduct discovery.

Accordingly, the Court denies Defendant's motion to dismiss.

## IV.   Standard of Review for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## V.   Analysis of Summary Judgment

In determining whether summary judgment is appropriate, this Court must view the facts on file in the light most favorable to the non-movant, Plaintiff, and all reasonable doubts must be resolved in the Plaintiff's favor. Defendant has submitted evidence such as a letter of offer of employment, a payroll register, benefits letters, and a reference letter, all indicating that Plaintiff was employed by G.L.E. Construction, Inc. On the other hand, Plaintiff has also provided evidence

tending to show that he was employed G.L.E. Associates, Inc., such as lists of employee benefits and weekly timesheets.

It is not this Court's role to weigh the merit of each party's argument when deciding a motion for summary judgment. Instead, the Court must determine if there is an issue to be tried. See Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). Based on all of the foregoing, the Court finds that there is a question of material fact as to whether Plaintiff was employed by Defendant G.L.E. Associates, Inc. Accordingly, Defendant's motion for summary judgment is denied.

## **VI.** **Conclusion**

Plaintiffs have provided an appropriate set of facts under which relief could be granted in their Complaint, and Defendant has failed to prove that there are no issues of material fact to be determined at trial. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss and/or In the Alternative, for Summary Judgment of Defendant G.L.E. Associates, Inc. (Doc. No. 7.) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of May, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record